UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTA WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>　　　　Defendant. | Case No. EDCV 14-750-PA (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On April 23, 2014, Plaintiff Deonta Walker, an inmate at High Desert Detention Center ("HDDC") in Adelanto, California, lodged a *pro se* complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 in this Court.[1] On May 15, 2014, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"). On May 28, 2014, Plaintiff filed a *pro se* First Amended Complaint ("FAC"). After screening the FAC pursuant to 28 U.S.C. § 1915(e)(2), the Court

---

[1] In the caption of the Original Complaint, Plaintiff spelled his first name "Donta." Elsewhere in his papers, however, including in the caption of the First Amended Complaint, Plaintiff has spelled his first name "Deonta."

1

finds that it fails to state a claim on which relief may be granted, and that it seeks monetary relief from a defendant who is immune from such relief. Accordingly, the FAC is dismissed with leave to amend.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Original Complaint, Plaintiff alleged that, during a prison riot in which he was not a participant, a jail deputy named Mr. Derrico ("Deputy Derrico")[2] shot him in the face, causing permanent medical damage. See Original Complaint, at 5. Plaintiff asserted that Deputy Derrico's action constituted excessive force, in violation of the Eighth Amendment. Id. He named both Deputy Derrico and San Bernardino County (the location of HDDC and Deputy Derrico's employer) as defendants. Id. at 3. Plaintiff asked for compensatory damages of five-hundred thousand dollars and punitive damages of four million dollars. Id. at 6.

According to the ODLA, the Original Complaint "arguably state[d] a claim against defendant Derrico," but failed to state a claim against San Bernardino County. ODLA, at 3. To proceed against San Bernardino County, the ODLA instructed Plaintiff to amend his complaint to identify a specific governmental policy or custom whose execution led to his injuries. Id. at 2-3 (discussing Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). The ODLA further instructed Plaintiff that if he did not wish to file an amended complaint, and wished to proceed solely against Deputy Derrico, he "should so inform the Court within thirty days." Id.

On May 28, 2014, Plaintiff filed a First Amended Complaint. Unexpectedly, the FAC named *only* San Bernardino County as a defendant, and dropped Deputy

---

[2] Plaintiff did not provide Deputy Derrico's first name.

Derrico. On June 12, 2014, the Court issued an Order noting that Plaintiff failed to include Deputy Derrico as a defendant in his FAC, and giving Plaintiff 15 days to file a Second Amended Complaint if he intended to proceed against Deputy Derrico. The June 12th Order stated that if Plaintiff failed to file a Second Amended Complaint, the Court would proceed with screening the FAC. Plaintiff did not file a Second Amended Complaint.

## II.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), this Court "must dismiss a prisoner's in forma pauperis case at any time if the Court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

### A.    Monell Liability

In deciding whether a *pro se* complaint states a claim on which relief may be granted, the Court should construe it "liberally[,] . . . particularly in civil rights cases." Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) (citation and internal quotation marks omitted). Under Monell, a local government entity like San Bernardino County cannot be sued simply because one of its employees acted unconstitutionally. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Rather, to state a claim against San Bernardino County, Plaintiff must allege that Deputy Derrico was executing San Bernardino County's "policy or custom" when he allegedly used excessive force. Monell, 436

U.S. at 694.

Even construing the FAC liberally, it fails to state a claim against San Bernardino County. Contrary to <u>Monell</u>'s requirement, the FAC fails to allege that Deputy Derrico was executing San Bernardino County's policy or custom when he allegedly used excessive force. Read literally, the FAC states that San Bernardino County "provide[s] [d]eputies . . . with *guid[e]lines on the reasonable* use of force," but that the County is nevertheless liable for its "employee['s] unconstitutional actions." FAC, at 5 (emphasis added). As already stated, San Bernardino County is only liable for Deputy Derrico's "unconstitutional actions" if those actions were the *result* of the County's policy or custom. Therefore, if Plaintiff chooses to file a Second Amended Complaint against San Bernardino County, he **must allege that the County has a policy or custom of using excessive force, and that Deputy Derrico was executing this policy or custom when he injured Plaintiff**.

### B. Immunity from Punitive Damages

The FAC must also be dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff may seek compensatory damages (e.g., damages for pain and suffering) against San Bernardino County. However, Plaintiff may not seek punitive damages against the County. <u>See</u> <u>Mitchell v. Dupnik</u>, 75 F.3d 517, 527 (9th Cir. 1996) ("Although a municipality may be liable for compensatory damages in § 1983 actions, it is immune from punitive damages under the statute.") (citation omitted). If Plaintiff chooses to file a Second Amended Complaint against San Bernardino County, he **must delete his punitive damages claim**.

## C. Completeness of Amended Complaints

Because "an amended pleading supersedes the original pleading," the original pleading is "treated thereafter as non-existent." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citations and internal quotation marks omitted). Consequently, if Plaintiff wishes to file a Second Amended Complaint, that complaint must be complete in itself and not require any knowledge of allegations in the Original Complaint or FAC. The ODLA provided Plaintiff with similar instructions for drafting the FAC, see ODLA, at 4, but Plaintiff did not appear to follow them. Unlike the Original Complaint, the FAC contains very little information about the circumstances under which Plaintiff was shot; indeed, it does not even mention that Plaintiff was shot *in* prison. The FAC seems to assume knowledge of allegations that are in the Original Complaint. Any such assumption is unacceptable. If Plaintiff files a Second Amended Complaint, he **must ensure that it is complete and that it does not require *any* prior knowledge of Plaintiff's case**.

## III.

## **CONCLUSION**

Plaintiff is granted **30 days** from the date of this Order within which to file a Second Amended Complaint. The Second Amended Complaint shall bear the designation "Second Amended Complaint" and the case number assigned to this action, and should cure all of the defects in the FAC. If Plaintiff does not timely file a Second Amended Complaint that corrects the defects in the FAC, the Court may recommend that this action be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 24, 2014

_____
HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE