UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEONTA WALKER,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN BERNARDINO,<br><br>        Defendant. | Case No. EDCV 14-750-PA (KK)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

    On April 23, 2014, Plaintiff Deonta Walker, an inmate at High Desert Detention Center ("HDDC") in Adelanto, California, lodged a *pro se* complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 in this Court.[1] On May 15, 2014, the Court issued an Order Dismissing the Complaint with Leave to Amend ("First ODLA"). On May 28, 2014, Plaintiff filed a *pro se* First Amended Complaint ("FAC"). On July 24, 2014, the Court issued a second Order

---

[1] In the caption of the Original Complaint, Plaintiff spelled his first name "Donta." Elsewhere in his papers, however, including in the caption of the Second Amended Complaint, Plaintiff has spelled his first name "Deonta."

1

Dismissing the Complaint with Leave to Amend ("Second ODLA"). On August 18, 2014, Plaintiff filed a *pro se* Second Amended Complaint ("SAC"). After screening the SAC pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that it fails to state a claim on which relief may be granted. Accordingly, the SAC is dismissed with leave to amend.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the Original Complaint, Plaintiff alleged that, during a prison riot in which he was not a participant, a jail deputy named Mr. Derrico ("Deputy Derrico")[2] shot him in the face, causing permanent medical damage. See Original Complaint, at 5. Plaintiff asserted that Deputy Derrico's action constituted excessive force, in violation of the Eighth Amendment. Id. He named both Deputy Derrico and San Bernardino County (the location of HDDC and Deputy Derrico's employer) as defendants. Id. at 3. Plaintiff asked for compensatory damages of five-hundred thousand dollars and punitive damages of four million dollars. Id. at 6.

In the First ODLA, the Court found that the Original Complaint "arguably state[d] a claim against defendant Derrico," but failed to state a claim against San Bernardino County. First ODLA, at 3. To proceed against San Bernardino County, the Court instructed Plaintiff to amend his complaint to identify a specific governmental policy or custom whose execution led to his injuries. Id. at 2-3 (discussing Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). The First ODLA further instructed Plaintiff that if he did not wish to file an amended complaint, and wished to proceed solely against Deputy Derrico, he "should so inform the Court within thirty

---

[2] Plaintiff did not provide Deputy Derrico's first name.

days." Id.

On May 28, 2014, Plaintiff filed a First Amended Complaint. The FAC named *only* San Bernardino County as a defendant, and did not name Deputy Derrico as a defendant. On June 12, 2014, the Court issued an Order noting that Plaintiff failed to include Deputy Derrico as a defendant in his FAC. The Court further advised: "If plaintiff intends to proceed against Derrico, he is granted 15 days from the date of this order within which to file a Second Amended Complaint including him as a defendant. Otherwise, the Court will proceed with screening the First Amended Complaint." Plaintiff failed to respond to the June 12, 2014, Order. Thus, the Court proceeded to screen the FAC, in which only San Bernardino County was named as a defendant.

On July 24, 2014, the Court issued the Second ODLA, which instructed Plaintiff that, if he wished to proceed against San Bernardino County, he needed to (1) allege that the County had an unconstitutional policy or custom which Deputy Derrico was allegedly executing when he injured Plaintiff, and (2) delete the punitive damages claim against the County. Second ODLA, at 4.

On August 18, 2014, Plaintiff filed a Second Amended Complaint. Like the FAC, the SAC names only San Bernardino County as a defendant. SAC, at 3. Plaintiff no longer seeks punitive damages against the County. See id. at 6. The SAC alleges that, when Deputy Derrico injured Plaintiff, he was executing the County's "policy and custom." Id. at 5. However, the SAC does not identify what that policy or custom is, or provide any factual support for the allegation.

## II.
## **STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), this Court "must dismiss a prisoner's *in*

3

*forma pauperis* case at any time if the Court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton, 630 F.3d at 892-93. However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted).

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation and internal quotation marks omitted). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

the opposing party to defend itself effectively." Starr, 652 F.3d at 1216.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

## III.
## DISCUSSION

"Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on *respondeat superior* liability." AE ex. rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (citing, *inter alia*, Monell, 436 U.S. at 691). "Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered.'" Id. (quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)). A "bare allegation that government officials' conduct conformed to some unidentified government policy or custom" is insufficient to state a claim under § 1983. Id. at 637. Instead, a plaintiff must make "sufficient allegations of underlying facts" to (1) "give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. (citing Starr, 652 F.3d at 1216) (internal quotation marks

5

omitted).

Plaintiff makes only a "bare allegation" that Deputy Derrico's "conduct conformed to some unidentified government policy or custom." Id. Plaintiff does not identify what that policy or custom is, or allege any facts that "plausibly suggest" its existence. Id. If Plaintiff wishes to proceed against San Bernardino County, he **must (1) specify what the County's unconstitutional policy or custom is, (2) allege facts supporting the existence of that policy or custom, and (3) explain how that policy or custom was the "moving force" behind his injury.**

## IV.
## CONCLUSION

Plaintiff is granted **30 days** from the date of this Order within which to file a Third Amended Complaint. The Third Amended Complaint shall bear the designation "Third Amended Complaint" and the case number assigned to this case ("EDCV 14-750-PA-KK"). The Third Amended Complaint must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint. If Plaintiff files a Third Amended Complaint, his previous complaints will be treated as non-existent. Therefore, the Third Amended Complaint shall not refer in any manner to the previous complaints; **it must be complete in itself and not require any prior knowledge of Plaintiff's case.**

Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint, or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal Form is attached for Petitioner's convenience.  The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice, for failure to prosecute and/or failure to obey court orders.**

IT IS SO ORDERED.

DATED: August 25, 2014

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE